UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSE ACOSTA,

                        Plaintiff,

    -against-                                      9:16-CV-0890 (LEK/TWD)

JUSTIN THOMAS, *et al.*,

                        Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Jose Acosta filed this case pursuant to 42 U.S.C. § 1983 against Justin Thomas (superintendent of the Marcy Correctional Facility), Dr. Krishna Vadlamudi, Dr. Carl J. Koenigsmann, Joseph Gullo (an audiologist), and John Serhan (an audiologist). This Court reviewed the sufficiency of Plaintiff's Complaint, Dkt. No. 1 ("Complaint"), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) and ordered: (1) Plaintiff's First Amendment retaliation claim against Dr. Vadlamudi and his Eighth Amendment medical care claims against Dr. Vadlamudi, Superintendent Thomas, Dr. Koenigsmann, and Gullo may proceed; (2) dismissal of Plaintiff's claims for money damages against Defendants in their official capacities; and (3) dismissal of Plaintiff's claims against Serhan. Dkt. No. 7 ("October 2016 Decision and Order"). The case proceeded through discovery and Defendants have moved for Summary Judgment on all claims. Dkt. Nos. 98 ("Motion for Summary Judgment"); 98-1 ("Defendants' Memorandum"); 98-2 ("Defendants' Statement of Material Facts"); 98-4 ("Vadlamudi Declaration"). Plaintiff opposes the motion. Dkt. Nos. 103 ("Plaintiff's Response"); 116 ("Supplemental Response"). United States Magistrate Judge Thérèse Wiley Dancks issued a

Report-Recommendation and Order, Dkt. No. 117 ("Report-Recommendation"), concerning Defendants' Motion for Summary Judgment. Plaintiff timely filed objections to the Magistrate Judge's Report-Recommendation. Dkt. No. 122 ("Objections").

## II. RELEVANT BACKGROUND

The facts and allegations in this case were detailed in the October 2016 Decision and Order, familiarity with which is assumed.

### A. Magistrate Judge Dancks's Report-Recommendation

Magistrate Judge Dancks recommended: (1) dismissal of Plaintiff's Eighth Amendment claims against Dr. Vadlamudi and Gullo because no reasonable factfinder could conclude they were deliberately indifferent to Plaintiff's serious medical needs and (2) dismissal of Plaintiff's Eighth Amendment claims of supervisory liability against Superintendent Thomas and Dr. Koenigsmann for lack of personal involvement. R. & R. at 24–34. The Magistrate Judge also recommended dismissal of Plaintiff's First Amendment retaliation claim against Dr. Vadlamudi because there are no genuine issues as to any material facts on whether Dr. Vadlamudi retaliated against Plaintiff. See id. at 35–38.

### B. Plaintiff's Objection to the Report-Recommendation

Generally, in his Objections, Plaintiff asserts the following arguments: (1) his medical conditions are objectively serious; (2) Dr. Vadlamudi retaliated against Plaintiff in violation of Plaintiff's First Amendment rights for lodging multiple grievances against him; (3) Dr. Vadlamudi and Dr. Koenigsmann acted with deliberate indifference toward Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment rights; and (4) Dr. Koenigsmann was personally involved in Plaintiff's medical treatment. See generally Objs. Plaintiff also argues that

there are genuine issues as to numerous material facts cited in Defendants' Statement of Material Facts (Dkt. No. 98-1), which precludes summary judgment. See id. at 10–14.[1] Finally, Plaintiff requests "the assignment of counsel to represent [P]laintiff in mediation if Defendants so chose to resolve this matter before trial or to represent [P]laintiff at another proceeding in regards to this action." Id. at 26–27.

## III. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the

---

[1] Because Plaintiff has failed to number all pages of his Objections in subsequent order, then citations to the Objections refer to the pagination generated by CM/ECF, the Court's electronic filing system.

3

magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

## IV. ANALYSIS

### A. Review of Report-Recommendation

Upon careful review of the relevant papers herein, including Magistrate Judge Dancks's Report-Recommendation, the Court finds no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation. The Magistrate Judge employed the proper legal standards, accurately recited the facts alleged, and correctly applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds five points.

First, Plaintiff's arguments for rejecting the Report-Recommendation (described above in Part II.B of this Decision and Order) primarily reiterate allegations Plaintiff averred in his Complaint or in his opposition to Defendants' Motion for Summary Judgment.[2] Compare Compl. 9–11, 17, 33–39, and Pl.'s Resp. at 2, 4–6, 13–23 with Objs. at 2–10, 14–26. Accordingly, these

---

[2] Specifically, Item Nos. (2)–(4) described in Part II.B. Regarding Item No. 1, the Court notes that Defendants did not argue that Plaintiff's medical conditions were not objectively serious. In fact, Defendants assumed, without conceding, this point for the purposes of their Motion for Summary Judgment. R. &. R. at 23.

4

portions of the Report-Recommendation only receive clear-error review, see Barnes, 2013 WL 1121353, at *1; Farid , 554 F. Supp. at 306–07, which they easily survive.

Second, even if the Court were to subject the above-referenced portions of the Report-Recommendation to de novo review, those portions would survive that review for the reasons stated by Magistrate Judge Dancks in her thorough and correct Report-Recommendation.

Third, Plaintiff also argues that genuine issues exist as to numerous statements in Defendants' Statement of Material Facts (Dkt. No. 98-1) that preclude summary judgment. See Objs. at 10–14. "[A] district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance." Ross v. Koenigsmann, No. 14-CV-1321, 2016 WL 5408163, at *2 (N.D.N.Y. Sept. 28, 2016) (citing Zhao v. State Univ. of N.Y., 4-CV-210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011); Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009)). Plaintiff failed to raise these arguments in his Response when he could have. Considering Plaintiff's arguments nonetheless, the Court does not find them persuasive. For instance, Plaintiff argues that, contrary to Defendants' Statement of Material Facts, he did not have his final appointment with Dr. Vadlamudi on July 27, 2016. See Objs. at 10; Defs.' Statement of Material Facts at ¶ 55. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also Jeffreys v. City of New York, 426 F.3d 253, 256 (2d Cir. 2013) (noting summary judgment is appropriate where the non-moving party fails to "come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim") (internal quotation marks omitted). Whether Plaintiff did not in fact meet with Dr. Vadlamudi on July 27, 2016 for a final time is not material

5

to this case since it does not bear on whether Dr. Vadlamudi violated Plaintiff's First Amendment or his Eighth Amendment rights. In sum, Plaintiff has failed to "set out specific facts showing a genuine issue for trial." See Anderson, 477 U.S. at 248, 250; see also Celotex, 477 U.S. at 323–24; Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). Thus, summary judgment is warranted.

Fourth, Plaintiff requests "the assignment of counsel to represent [P]laintiff in mediation if Defendants so chose to resolve this matter before trial or to represent [P]laintiff at another proceeding in regards to this action." Objs. at 26–27. As a threshold matter, the Court cannot appoint counsel in another proceeding currently before a different Court or that has yet to be filed in this Court. Regarding this case, "[w]hile numerous criteria are considered in assessing whether the appointment of counsel is appropriate, the threshold factor is whether or not the alleged claim is likely to be one of substance." Dennis v. Costello, No. 97-CV-553, 1999 WL 6923, at *3 (N.D.N.Y. Jan. 4, 1999), aff'd, 189 F.3d 460 (2d Cir. 1999) (citing Sawma v. Perales, 895 F.2d 91, 95 (2d Cir. 1990); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986)). Because Plaintiff's claims must be dismissed then his claims are of no "substance". Hence, the Court denies Plaintiff's request for counsel.

Fifth, the Court is troubled by Plaintiff's assertions that he continues to "suffer and wallow in extreme pain" from "migraine headaches, severe nerve damage on the left side of the face all the way to the left side of the back of [his] head[,]" and "severe sudden painful jolts of pain, that can be likened to sticking your finger in an electrical outlet and not being able to remove your finger." Objs. at 2, 7. Plaintiff has not adduced evidence that he ever explained to Dr. Vadlamudi or any other medical professional responsible for Plaintiff's care that Tylenol or

6

Motrin does not relieve Plaintiff's chronic pain that was induced by his brain surgery. In fact, according to Dr. Vadlamudi, when offered alternative pain medication in the form of Motrin or Tylenol, Plaintiff indicated he "had no pain." Vadlamudi Decl. at ¶ 21. Had Plaintiff presented evidence to rebut this testimony, then Plaintiff's Eighth Amendment claims may have survived summary judgment. See Brock v. Wright, 315 F.3d 158, 167 (2d Cir. 2003) (holding that the "conscious choice . . . to prescribe easier and less efficacious treatment plan[s] for prisoners" that "will likely cause pain and other medical problems . . . violates the Eighth Amendment") (quoting Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (internal quotation marks omitted). This said, the Court is aware that Dr. Vadlamudi has retired from the Department of Corrections and Community Supervision ("DOCCS") and is therefore no longer providing Plaintiff with medical care. See Vadlamudi Decl. at ¶ 2. Other DOCCS staff who began to provide Plaintiff with medical care upon Dr. Vadlamudi's retirement may be liable under the Eighth Amendment for supplying inadequate medical care with deliberate indifference.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 117) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion for Summary Judgment (Dkt. No. 98) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     August 14, 2019
               Albany, New York

Lawrence E. Kahn
U.S. District Judge